PEOPLE *v.* GEER

1. CRIMINAL LAW—WITNESSES—INDORSED WITNESSES—RES GESTAE
   WITNESSES—PRODUCTION.
   The prosecution is under a duty to produce all witnesses indorsed
   on the information and all *res gestae* witnesses, but the defend-
   ant may waive their production.

2. CRIMINAL LAW—INDORSED WITNESSES—PRODUCTION—WAIVER.
   Statement by defendant's counsel that he had no objection to the
   nonproduction of two witnesses whose names were indorsed on
   the information if they were not *res gestae* witnesses was a
   waiver of production of these witnesses where there is no claim
   that they could testify to matters other than what they had
   observed after the crime had been committed and the felon had
   fled.

3. CRIMINAL LAW—WITNESSES—INDORSEMENT—ACCOMPLICES.
   The rule requiring the prosecution to indorse on the information
   and call all *res gestae* witnesses does not apply to accomplices.

4. CRIMINAL LAW—SENTENCING—PSYCHIATRIC EVALUATION.
   Failure of the trial court to order a psychiatric evaluation of
   defendant before adopting a probation officer's conclusion that
   defendant was an assaultive person was not error where de-
   fendant's counsel did not request a psychiatric evaluation at
   the time of sentencing.

Appeal from Alpena, Philip J. Glennie, J. Sub-
mitted Division 3 August 19, 1969, at Detroit.
(Docket No. 6,968.)   Decided February 24, 1970.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]   21 Am Jur 2d, Criminal Law §§ 328, 344.
[3]   21 Am Jur 2d, Criminal Law § 328.
[4]   21 Am Jur 2d, Criminal Law § 527.

David Leland Geer was convicted of unarmed robbery. Defendant appeals. Affirmed on motion.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stuart H. Freeman,* Assistant Attorney General, and *John F. Kowalski,* Prosecuting Attorney, for the people.

*Beverly J. Clark,* for defendant on appeal.

Before: LEVIN, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. This case is submitted on the people's motion to affirm. GCR 1963, 817.5(3). David Leland Geer was convicted of unarmed robbery (MCLA § 750.530 [Stat Ann 1954 Rev § 28.798]) on November 12, 1968, by a jury and was sentenced on December 6, 1968, to serve 5 to 15 years in prison.

On appeal, defendant raises four allegations of error: First, did the court err in failing to require the prosecution to show due diligence when the prosecution failed to produce two indorsed witnesses at trial; second, did the court err in failing to require the prosecution to produce defendant's accomplice at trial; third, did the court err in admitting into evidence certain exhibits; and fourth, did the court err in sentencing defendant to serve 5 to 15 years in prison.

A review of defendant's brief, people's brief in support of the motion to affirm and the transcript of the trial discloses no reversible error.

*First.* While the prosecution is under a duty to produce all witnesses indorsed on the information and all *res. gestae* witnesses, the defendant may waive their production. *People* v. *O'Dell* (1968), 10 Mich App 87.

In this case the defendant's trial counsel said he had no objection to the nonproduction of the two witnesses if they were not *res gestae* witnesses. He made this statement in response to a statement of the prosecutor representing that the two witnesses could testify only that they came upon the victim after the crime had been committed. We see no need to decide whether these witnesses were *res gestae* witnesses as, absent a claim that the witnesses could testify to matters other than what they observed after the crime had been committed and the felon(s) had fled, we read the defendant's trial counsel's response as a waiver of the production of these witnesses.

*Second.* The rule requiring the prosecution to indorse on the information and call all *res gestae* witnesses does not apply to accomplices. *People* v. *Virgil Brown* (1969), 15 Mich App 600, 603; *People* v. *McIntosh* (1967), 6 Mich App 62, 68; *People* v. *Raider* (1931), 256 Mich 131, 135; *People* v. *McCullough* (1890), 81 Mich 25; and *People* v. *Resh* (1895), 107 Mich 251. Accordingly, the failure to require the prosecution to produce and call defendant's accomplice did not constitute error.

*Third.* The exhibits in question consisted of two pairs of shoes; the victim identified one pair as his shoes and the other pair as the defendant's. When arrested, the defendant was said to have been wearing the victim's shoes. There was testimony that the other pair of shoes was found abandoned.

When the shoes were offered, the court asked whether there was any objection to the admission of the "sharp pointed toes," which were the shoes belonging to the victim. The defendant's trial counsel responded, "no objection to those." The court then stated, "They may be admitted. The third

exhibit [the shoes belonging to the defendant] will be admitted for what it's worth. That is all."

We find no error in admitting in evidence the two pairs of shoes.

*Fourth.* The sentence imposed was within the statutory limits. The trial judge did, indeed, state that he considered the recommendation of the probation officer which was based on his determination that the defendant was an assaultive person. On this appeal the defendant asserts that the trial judge should have ordered a psychiatric evaluation of the defendant before adopting the probation officer's conclusion that he was an assaultive person. Again, in the absence of a request for psychiatric evaluation by defendant's trial counsel at the time of sentencing, there is no basis for a conclusion that the trial judge erred in failing to order one.

The motion to affirm is granted.