PEOPLE *v* BURKHART

1. SEARCHES AND SEIZURES—AUTOMOBILE—PROBABLE CAUSE.

    Probable cause existed for the search without a warrant of defendant's automobile by a police officer where the officer, upon arriving on the scene, was informed by witnesses that the defendant had a gun and was going to shoot somebody, but that the defendant had placed the gun in his automobile, the defendant was placed under arrest, and the search was made immediately after the defendant's arrest.

2. SEARCHES AND SEIZURES—AUTOMOBILES—WITHOUT WARRANT—PROBABLE CAUSE.

    A search without a warrant of an automobile requires not only that there be probable cause sufficient to support the search but also that there exists a need to conduct the search without a warrant.

3. SEARCHES AND SEIZURES—AUTOMOBILE—WITHOUT WARRANT—NEED.

    The need to make a search without a warrant of defendant's automobile existed even though the defendant had been handcuffed and placed in a patrol car where defendant had been arrested because witnesses had said that the defendant had a gun and was going to shoot someone, but that defendant had put the gun in his car, the police officer who made the arrest and search was alone on the scene, there was no certainty when or if backup officers would come, there were a number of people milling around the scene, and the officer could

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 47 Am Jur, Searches and Seizures §§ 18, 19.
[4] 29 Am Jur 2d, Evidence § 186.

not reasonably have been expected to remain at the scene and watch the automobile until assistance arrived, because the search was justified in order to preclude removal of evidence.

4. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE—DISCRETION.

Excusing the prosecution from producing an indorsed *res gestae* witness did not constitute an abuse of discretion where that witness was in the army in Vietnam and testimony tended to show that that witness's testimony would have been merely cumulative.

Appeal from Oakland, James S. Thorburn, J. Submitted Division 2 December 18, 1971, at Lansing. (Docket No. 11407.) Decided January 21, 1972. Leave to appeal denied, 388 Mich 794.

Leonard Burkhart was convicted of felonious assault and carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *John C. Talpos,* Assistant Prosecuting Attorney, for the people.

*Gordon A. Snavely,* for defendant on appeal.

Before: QUINN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. The defendant appeals as of right from his convictions and sentences, having been found guilty by a jury of felonious assault (MCLA 750.82; MSA 28.277) and carrying a concealed weapon (MCLA 750.227; MSA 28.424).

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant's automobile was passed by complainant's truck in a way he did not appreciate. He proceeded to follow the truck to its destination. The defendant then got out of his car, pistol in hand, and approached the complainant, his passengers, and a group of children mingling around them. Spotting a policeman investigating an accident down the road, one member of the group went to summon his help. The defendant apparently saw the policeman and, returning to his car, placed the gun in its glove compartment. The policeman went to his patrol car, requested backup help and proceeded to the scene.

The police officer testified that when he arrived defendant was standing at the left front of his car. He immediately placed defendant under arrest, searched and handcuffed him and placed him in the back of the patrol car. The policeman then entered defendant's car and removed the gun from the glove compartment. Shortly thereafter other police officers arrived at the scene.

Defendant contends that the hand gun was obtained by the police officer through an unconstitutional search of his automobile. It is clear that probable cause for the arrest was provided by the report to the officer that defendant had a gun and was going to shoot someone. Likewise there was probable cause for the search of the automobile from the fact that the officer was informed at the scene that defendant had placed the gun in the car. Here the policeman made a warrantless search of the automobile immediately subsequent to the arrest of the accused. Such a search has been upheld in numerous cases. *Chambers* v *Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970); *People* v *Weaver,* 35 Mich App 504 (1971); *People* v *Thomas,* 33 Mich App 664 (1971); *People* v *Miller,* 26 Mich App 665 (1970).

However, an important aspect of cases of this type must not be lost sight of. As the Court in *Coolidge* v *New Hampshire,* 403 US 443, 461, 462; 91 S Ct 2022, 2035, 2036; 29 L Ed 2d 564, 580 (1971), points out:

"The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears. And surely there is nothing in this case to invoke the meaning and purpose of the rule of *Carroll* v *United States* [267 US 132; 45 S Ct 280; 69 L Ed 543 (1925)]—no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile. In short, by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant,' *Carroll, supra,* at 153 [45 S Ct at 285; 69 L Ed at 551], and the 'automobile exception,' despite its label, is simply irrelevant." (See also footnotes 18 and 19 to this case.)

In other words, there still must be a "need" for a search without a warrant even of an automobile. *Preston* v *United States,* 376 US 364; 84 S Ct 881; 11 L Ed 2d 777 (1964); *Smith* v *United States,* 335 F2d 270, 273 (1964); *People* v *Dombrowski,* 10 Mich App 445, 448 (1968).

In considering the case presently before us, we conclude that such a "need" did exist. Even though the officer who first arrived on the scene had defendant handcuffed in his patrol car, the search which was conducted took place before the other officers arrived. There was no certainty when or if help would come. The officer could not reasonably be expected to remain at the scene with defendant in order to watch the car until assistance arrived. In addition,

a number of people were milling about the premises at the time. The search was justified in order to preclude removal of the evidence.

The defendant further contends that the court erred in excusing the prosecutor from producing an indorsed *res gestae* witness. Testimony tended to show that the witness's testimony, if given, would be cumulative of the other witnesses' testimony. Additionally, the missing witness was in the army in Vietnam. Under these circumstances, the trial court ruled that the witness's testimony would be cumulative, and that he need not be produced. We agree, there being no clear abuse of discretion. *People v Tiner*, 17 Mich App 18 (1969); *People v Alexander*, 26 Mich App 321 (1970).

Affirmed.

All concurred.