PEOPLE v SHELTON

Docket No. 78-4559. Submitted October 3, 1979, at Lansing.—Decided November 20, 1979.

Defendant, Johnie Shelton, was convicted, on his plea of guilty, of felonious assault, carrying a concealed weapon and felony-firearm in the Oakland Circuit Court, Robert L. Templin, J. Defendant appeals alleging several constitutional claims. *Held:*

1. The constitutional guarantee against double jeopardy protects against multiple punishment for the same offense, and the test to determine whether there was multiple punishment for the same offense is either whether each crime requires proof of a fact that the other crime does not require or whether the Legislature expressed a clear intent to define and punish separate offenses based on one incident. There is no double jeopardy violation for conviction of both felonious assault and carrying a concealed weapon since they require proof of distinct elements. There is no double-jeopardy violation for conviction of felonious assault and felony-firearm since the Legislature has clearly expressed its intent to define and punish separate offenses based on one incident.

2. The felony-firearm statute does not violate the constitutional requirement of reenactment and republication of amended statutes because amendment by implication is not an evil sought to be avoided by the constitutional provision.

Affirmed.

N. J. KAUFMAN, J., dissented. He would hold that defendant may not be convicted of carrying a concealed weapon and felony-firearm because the felony-firearm statute specifically precludes that combination of convictions. He would vacate the felony-firearm conviction.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 21 Am Jur 2d, Criminal Law §§ 188, 189.

[4] 73 Am Jur 2d, Statutes § 140.

Applicability of constitutional requirement that repealing or amendatory statute refer to statute repealed or ammended, to repeal or amendment by implication. 5 ALR2d 1270.

OPINION OF THE COURT

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY —
    MULTIPLE PUNISHMENTS.
    The constitutional guarantee against double jeopardy protects
    against multiple punishment for the same offense, and the test
    to determine whether there was multiple punishment for the
    same offense is either whether each crime requires proof of a
    fact that the other crime does not require or whether the
    Legislature expressed a clear intent to define and punish sepa-
    rate offenses based on one incident.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY —
    FELONIOUS ASSAULT — CARRYING A CONCEALED WEAPON.
    There is no double jeopardy violation for conviction of both
    felonious assault and carrying a concealed weapon since they
    require proof of distinct elements.

3. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY —
    FELONIOUS ASSAULT — FELONY FIREARM.
    There is no double-jeopardy violation for conviction of felonious
    assault and felony-firearm since the Legislature has clearly
    expressed its intent to define separate offenses based on one
    incident.

4. CONSTITUTIONAL LAW — AMENDMENT OF STATUTES — FELONY-FIRE-
    ARM.
    The felony-firearm statute does not violate the constitutional
    requirement of reenactment and republication of amended
    statutes because amendment by implication is not an evil
    sought to be avoided by the constitutional provision (Const
    1963, art 4, § 25).

DISSENT BY N. J. KAUFMAN, J.

5. CRIMINAL LAW — STATUTES — FELONY-FIREARM — CARRYING A
    CONCEALED WEAPON.
    *Conviction for carrying a concealed weapon and felony-firearm is*
    *precluded under the felony-firearm statute; therefore, the mul-*
    *tiple conviction of carrying a concealed weapon, felony-firearm*
    *and felonious assault for a single incident may not stand and*
    *the felony-conviction should be vacated on appeal (MCL*
    *750.227b; MSA 28.424[2]).*

*Frank J. Kelley,* Attorney General, *Robert A.*
*Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief

Appellate Counsel, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Bolden & Blake Professional Corporation* (by *Elliot D. Margolis),* for defendant.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

D. C. RILEY, J. Defendant was convicted, on his plea of guilty, of felonious assault, MCL 750.82; MSA 28.277, carrying a concealed weapon, MCL 750.227; MSA 28.424, and possession of a firearm during the commission of a felony, MCL 750.227(b); MSA 28.424(2). He now appeals these convictions and the corresponding prison terms imposed.

Defendant asserts two double jeopardy claims on appeal, contending that double sentencing is unconstitutional when imposed for both felonious assault and felony-firearm, and both felonious assault and carrying a concealed weapon. Neither claim is meritorious.

It is well settled that there is no double jeopardy violation for dual punishment if (1) each offense requires proof of a fact that the other does not, *People v Davenport,* 89 Mich App 678; 282 NW2d 179 (1979), or, (2) the Legislature expressed a clear intent to define and punish separate offenses based on one incident. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). The Supreme Court has recently concluded that the felony-firearm statute does not violate double jeopardy based on the second exception. *Wayne County Prosecutor, supra.* We are also convinced, based on the first exception, that there is no double jeopardy violation for conviction of felonious assault and carrying a concealed weapon.

Carrying a concealed weapon requires proof that an accused carried a weapon and that it was concealed on or about his person. The underlying statute was enacted to discourage quarreling persons from suddenly drawing and using concealed weapons. *People v Davenport, supra.* Felonious assault, on the other hand, is an assault, a *positive act* against another person committed with a dangerous weapon. Its purpose is to discourage assaulting persons from inflicting even more serious injuries upon one another. *People v Van Diver,* 80 Mich App 352; 263 NW2d 370 (1977). As these crimes require proof of distinct elements and do not overlap in purpose, there is no double jeopardy violation. See *People v Burkhart,* 38 Mich App 44; 195 NW2d 794 (1972), *People v Hooper,* 36 Mich App 123; 193 NW2d 203 (1971).

Defendant also contends that the felony-firearm act is unconstitutional for failure to comply with art IV, § 25 of the Michigan Constitution requiring republication or reenactment of former laws when they are altered by new ones. This point was addressed by the Court of Appeals in *People v Gary Hughes,* 85 Mich App 674; 272 NW2d 567 (1978), wherein it was held that this provision does not apply to amendments by implication, as in the instant case.

Finally, defendant asserts that his sentence was predicated on inaccurate information. We find no evidence in the briefs or record to substantiate this claim. Accordingly, defendant's convictions must be affirmed.

DANHOF, C.J., concurred.

N. J. KAUFMAN, J. *(dissenting).* Noting that carrying a concealed weapon, MCL 750.227; MSA 28.424, is specifically excepted under the felony-

firearm statute, MCL 750.227(b); MSA 28.424(2),[1] I must disagree with the majority's conclusions. It is true that no double jeopardy problems would arise from convictions of felonious assault, MCL 750.82; MSA 28.277, and carrying a concealed weapon. Similarly, no double jeopardy violation would arise where a defendant is convicted of both felonious assault and felony-firearm. However, this ignores the fatal combination of multiple convictions for carrying a concealed weapon and felony-firearm, a combination expressly precluded under the felony-firearm statute.

In view of the foregoing, I would affirm the felonious assault and carrying a concealed weapon convictions, but vacate the felony-firearm conviction.

---

[1] "(1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1)."