PEOPLE v DAVIS

PEOPLE v KOCSIS

Docket Nos. 57407, 58294. Submitted April 12, 1982, at Lansing.—
Decided January 20, 1983.

James F. Davis and Robert A. Kocsis were jointly tried, with two
others, on five charges, Huron Circuit Court, M. Richard Knob-
lock, J. Davis was convicted of kidnapping, felonious assault,
carrying a firearm or dangerous weapon with unlawful intent,
carrying a dangerous weapon in a vehicle, and possession of a
firearm during the commission of a felony. Kocsis was con-
victed of kidnapping and felonious assault. Both defendants
appealed, and the appeals were consolidated for hearing and
decision. Davis alleges several errors, and both defendants
allege error in the prosecutor's failure to endorse and produce
certain alleged res gestae witnesses. *Held:*

1. Defendant Davis has not shown actual prejudice resulting
from the joint representation of the defendants by retained
counsel. In the absence of such a showing his claim of ineffec-
tive assistance of counsel does not require reversal.

2. Davis failed to preserve his claim that the verdict was

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 980.

Circumstances giving rise to conflict of interests between or among
criminal codefendants precluding representation by same counsel.
34 ALR3d 470.

[2] 5 Am Jur 2d, Appeal and Error § 607 *et seq.*

[3] 21A Am Jur 2d, Criminal Law §§ 688, 689.

Interrogation or poll of jurors, during criminal trial, as to whether
they have read newspaper articles pertaining to alleged crime or
the trial. 15 ALR2d 1152.

Pretrial publicity in criminal case as affecting defendant's right to
fair trial—federal cases. 10 L Ed 2d 1243.

[4] 21 Am Jur 2d, Criminal Law §§ 297-304.

[5] 75 Am Jur 2d, Trial § 654.

[6] 29 Am Jur 2d, Evidence § 180.

81 Am Jur 2d, Witnesses §§ 2, 3.

[7-9] 21 Am Jur 2d, Criminal Law §§ 267, 277.

[8, 9] 21 Am Jur 2d, Criminal Law §§ 266, 269, 276.

[10] 5 Am Jur 2d, Appeal and Error §§ 545, 932.

against the great weight of the evidence by filing a motion for a new trial.

3. The fact that two jurors had heard or read news accounts of the case did not automatically disqualify them. There was no showing that any of the jurors had a preconceived opinion of the case which would prevent him from rendering an impartial verdict.

4. The fact that a juror spoke to the wife of a prosecution witness, before the taking of any testimony, did not prejudice defendant Davis's right to a trial before a fair and impartial jury where it was determined that they did not discuss the case and that the juror did not know at the time that the woman's husband was to be a witness.

5. The jury was properly admonished against outside contacts, in a timely manner.

6. The trial court's jury instructions on kidnapping, which limited the jury's consideration to one of the several alternative theories upon which a conviction may be based, did not impermissibly inject a new theory, not included in the information, against which Davis was required to defend.

7. The jury instructions adequately put the jury on notice that the prosecution had to prove that the complainant had not accompanied the defendants voluntarily in order to sustain a conviction of kidnapping.

8. The claim of both defendants that the prosecution should have endorsed and produced several alleged res gestae witnesses was not properly preserved for appeal by a motion for a hearing on the issue. In the absence of manifest injustice, which is not found in a review of the record, the issue will not be considered by the Court of Appeals.

9. The convictions of Davis for carrying a dangerous weapon in a motor vehicle, carrying a dangerous weapon with unlawful intent, and felonious assault constitute double jeopardy upon the facts of this case because it was factually and logically impossible for him to be guilty of felonious assault without also being guilty of the other two offenses. In this case, because of the various penalties provided for these offenses, the remedy is to vacate the convictions of carrying a weapon in a motor vehicle and felonious assault, leaving intact the conviction of carrying a dangerous weapon with unlawful intent as well as the kidnapping and felony-firearm convictions.

10. The issue of the legality of a search and seizure is raised for the first time on appeal and, therefore, will not be consid-

ered where the question is not determinative of the outcome of the case.

Defendant Davis's convictions of carrying a weapon in a motor vehicle and felonious assault are vacated, and his other convictions are affirmed.

Defendant Kocsis's convictions are affirmed.

1. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — JOINT REPRESENTATION.

A defendant must show actual prejudice to sustain a claim of ineffective assistance of counsel because of joint representation by retained counsel of the defendant and his codefendants.

2. APPEAL — PRESERVING QUESTION.

Failure of a defendant to have moved for a new trial precludes appellate review of a claim that the verdict was against the great weight of the evidence.

3. CRIMINAL LAW — JURY — PRETRIAL PUBLICITY.

A juror's knowledge of pretrial publicity concerning a criminal case does not automatically render the juror unfit to serve unless the juror has a preconceived opinion concerning the defendant's guilt or innocence which cannot be laid aside (MCL 768.10; MSA 28.1033).

4. CRIMINAL LAW — JURY — JUROR MISCONDUCT.

Reversal of a defendant's conviction on the basis of alleged juror misconduct is not warranted where the defendant has not shown that the conduct complained of affirmatively prejudiced his right to a trial before a fair and impartial jury.

5. KIDNAPPING — JURY INSTRUCTIONS — ALTERNATIVE THEORIES OF CASE.

The kidnapping statute proscribes several types of conduct and a jury instruction which limited the jury's consideration to one alternative, which was consistent with the prosecution's theory of the case, did not inject a new theory against which the defendant was required to defend where the language of the information was essentially that of the statute, describing the various types of conduct which constitute kidnapping (MCL 750.349; MSA 28.581).

6. CRIMINAL LAW — WITNESSES — RES GESTAE WITNESSES.

Failure of a defendant to have moved, during or following trial, for a hearing on the endorsement or production of alleged res gestae witnesses precludes consideration of the issue on appeal unless, absent review, manifest injustice will result.

7. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE CONVICTIONS.

Two tests are employed when considering whether a defendant who has been convicted of two offenses has thereby been deprived of his guarantee against double jeopardy: first, if, legally, each statutory provision requires proof of a fact which the other provision does not there is no double jeopardy; second, if, factually, the violation of one provision is not severable from a violation of the second provision the former blends into the latter to constitute one single wrongful act unless the Legislature has manifested an intent to make the two offenses separate and distinct and has provided separate penalties for them.

8. CRIMINAL LAW — DOUBLE JEAPARDY — MULTIPLE CONVICTIONS.

Multiple convictions of a defendant will not be allowed to stand if, factually, the convictions are based on proof of a single act wherein the separate crimes consist of nothing more than a greater crime and certain of its lesser included offenses.

9. CRIMINAL LAW — DOUBLE JEOPARDY — MULTIPLE CONVICTIONS.

Generally, where a defendant is subjected to double jeopardy by conviction of both a greater and a lesser included offense, the remedy is to vacate the conviction of the lesser offense and affirm the conviction of the greater offense; the rule is not absolute and may be modified to accommodate the facts of a particular case.

10. APPEAL — ISSUE RAISED FOR FIRST TIME ON APPEAL.

The Court of Appeals will not review an issue raised for the first time on appeal unless consideration of the issue is necessary to a proper determination of the case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Karl E. Kraus,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General (in *Davis)* and *Leonard J. Malinowski,* Assistant Attorney General (in *Kocsis),* for the people.

*John W. Ujlaky,* for defendant Davis on appeal.

*John D. Schwedler,* for defendant Kocsis on appeal.

Before: DANHOF, C.J., and R. B. BURNS and WAHLS, JJ.

PER CURIAM. Defendants are two of four defendants jointly tried by jury for five offenses: kidnapping, MCL 750.349; MSA 28.581; felonious assault, MCL 750.82; MSA 28.277; carrying a firearm or dangerous weapon with unlawful intent, MCL 750.226; MSA 28.423; carrying a dangerous weapon in a motor vehicle, MCL 750.227; MSA 28.424; and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2).

Defendant Davis appeals his conviction of all five charged offenses; defendant Kocsis appeals his conviction of kidnapping and felonious assault. Defendant Kocsis' only claim of error concerns the prosecutor's failure to endorse and produce certain alleged res gestae witnesses and will be addressed *infra.*

Davis first argues that he was deprived of effective assistance of counsel by the joint representation of all of the defendants by retained counsel. He must show actual prejudice. *People v Mendez,* 101 Mich App 735; 300 NW2d 327 (1980).

There has been no such showing. All four defendants testified, completely denying the truth of the complainant's testimony that he had been kidnapped, threatened with a pair of brass knuckles and a pistol, and tied up. Given the nature of the defense asserted, that there had been no criminal activity whatsoever, counsel was not required to draw a line of demarcation as to the relative culpability of his clients. Compare *People v Gardner,* 406 Mich 369; 279 NW2d 785 (1979), *reh den* 407 Mich 1150 (1979), *cert den* 444 US 1093 (1980). Davis did not lose the benefit of arguments that the evidence linking him to the crime was weak or

suspect. Compare *People v Bentley,* 402 Mich 121; 261 NW2d 716 (1978).

Davis' claim that the verdict was against the great weight of the evidence has not been preserved for appeal as defendant has not moved for a new trial. *People v Cage,* 83 Mich App 534; 269 NW2d 213 (1978).

Davis further argues he was denied a fair trial by prejudicial pre-trial publicity. Two members of the jury heard or read news accounts of the case. However, each stated that he could render an impartial verdict despite possible recollection of news accounts of the crime. Knowledge of publicity concerning a criminal case does not automatically render a juror unfit to serve unless the juror has a preconceived opinion concerning defendant's guilt or innocence which cannot be laid aside. MCL 768.10; MSA 28.1033; *People v Dixon,* 84 Mich App 675; 270 NW2d 488 (1978). Davis failed to show that any juror had an opinion of the case which prevented him from rendering an impartial verdict according to the evidence at trial.

Davis also claims that the trial judge erred in denying counsel's motion for a mistrial on the ground of juror misconduct. After the jury began deliberating, it was revealed that a juror had been seen speaking to the wife of a prosecution witness after the selection of the jury but before taking of any testimony. After the jury returned a verdict of guilty the judge and defense counsel questioned the juror. The juror had not discussed the case with the witness's spouse and did not realize until her husband testified that he was in fact a witness in the case.

The trial judge did not abuse his discretion in concluding that Davis failed to show that the juror's conduct affirmatively prejudiced his right to

a trial before an impartial and fair jury. See *People v Schram,* 378 Mich 145; 142 NW2d 662 (1966). In the absence of such showing, reversal is not warranted. *People v Provost,* 77 Mich App 667; 259 NW2d 183 (1977), *rev'd on other grounds* 403 Mich 843 (1978).

We find without merit Davis' claim that various alleged omissions in jury instructions resulted in reversible error. Contrary to his assertion, the record reveals that the jurors were in fact admonished against outside contacts prior to the first recess on the first day of trial. This was all that was required in the absence of a request or objection by defense counsel and in the absence of any showing of prejudice. *People v Buero,* 59 Mich App 670; 229 NW2d 880 (1975).

The trial court's instructions on kidnapping did not inject a new legal theory, not contained in the information, against which defendant was required to defend. In language tracing that found in the kidnapping statute, the information charged that defendants:

"[F]eloniously and forcibly seized and confined or inveigled or kidnapped one Richard John Phillips, with intent to extort money or other valuable thing from Richard John Phillips, *or* caused Richard John Phillips to be secretly confined and imprisoned in this state against his will *or* caused Richard John Phillips to be held for service against his will; contrary to MSA 28.581; Section 750.349, CL 1948." (Emphasis added.)

The statute proscribes several alternative methods of kidnapping. *People v Bergevin,* 406 Mich 307; 279 NW2d 528 (1979). The trial court instructed the jury on "secret confinement". CJI 19:1:01. The court's failure to also instruct the jury on kidnapping with intent to extort money or

other valuables, CJI 19:1:03, simply limited the jury's consideration to one alternative which was entirely consistent with the prosecution's theory of the case.

Davis contends that reversible error occurred when the trial court failed, in the absence of a request by defense counsel, to "devise an appropriate instruction dealing with" defendants' defense of consent. The trial court instructed the jury that it had to find defendants intentionally and forcibly confined the complainant, Phillips, "against his will". Taken as a whole, the instructions were fair and adequately put the jury on notice that the prosecution had to prove that the complainant did not voluntarily accompany defendants. Accordingly, there was no reversible error. *People v Palma,* 111 Mich App 684; 315 NW2d 182 (1981).

Defendants Davis and Kocsis both claim reversible error occurred when the prosecutor failed to endorse and produce several alleged res gestae witnesses who were present in or near the bar where the complainant was prior to his leaving with defendants.

Defense counsel affirmatively waived the production of Captain James Staubor at trial. Therefore, defendants' claim that the prosecution's failure to call him requires reversal is without merit. See *People v Geer,* 22 Mich App 47; 176 NW2d 721 (1970).

Davis argues that the prosecutor should have endorsed and produced all persons present in the bar. Kocsis claims Danny McGuire, in particular, should have been called. A companion of McGuire's, Russ Boyer, was an endorsed witness and testified at trial. McGuire and Boyer, who first reported the apparent abduction to the police shortly after it occurred, both went to the police

on the night of the occurrence to give statements. Boyer gave a statement, but McGuire could not because he was too intoxicated.

Neither defendant moved for a hearing on the issue of the endorsement or production of these individuals during or following trial. Consideration of this issue is foreclosed on appeal, *People v Pearson,* 404 Mich 698, 722; 273 NW2d 856 (1979), unless, absent review, manifest injustice will result. *People v LeFlore,* 96 Mich App 557; 293 NW2d 628 (1980), *lv den* 409 Mich 927 (1980). We find no manifest injustice here. Nothing in the record indicates McGuire or any other person present in the club observed, or could have observed, anything of assistance to defendants' case.

Defendant Davis further claims his convictions for felonious assault, carrying a dangerous weapon with unlawful intent and carrying a dangerous weapon in a vehicle violate the guarantee against double jeopardy.[1]

In *People v Bouknight,* 106 Mich App 798, 802; 308 NW2d 703 (1981), Judge CAVANAGH wrote:

"The courts of this state have employed two tests in considering whether the guarantee against double jeopardy has been violated because of "double punishment." The first test, commonly known as the *Blockburger* test, concentrates on the statutory elements of each crime. If, legally, each statutory provision requires proof of a fact which the other provision does not, there is no double jeopardy. *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979). The second test looks to the factual

---

[1] We observe that defendant's reliance on *People v White,* 390 Mich 245; 212 NW2d 222 (1973), and *Crampton v 54-A Dist Judge,* 397 Mich 489; 245 NW2d 28 (1976), is misplaced. These cases hold that multiple *trials* are prohibited where several distinct offenses occur in one criminal "transaction"; they do not prohibit multiple convictions in one trial.

proofs involved in the particular case. *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977). Under the second test, if the facts developed during trial indicate that the violation of one provision is not severable from a violation of the second provision, then the former blends into the latter so as to constitute one single wrongful act. This second test has been modified by the Supreme Court to provide that if the Legislature has manifested an intent to make the two offenses separate and distinct and has provided separate penalties there is no violation of double jeopardy. *Wayne County Prosecutor, supra."*

See also *People v Bonner,* 116 Mich App 41; 321 NW2d 835 (1982).

In other words, under the second test, "[i]f, factually, the convictions in this case are based on proof of a single act, the separate crimes consist of nothing more than a greater crime and certain of its lesser included offenses", and the multiple convictions will not be allowed to stand. *People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980). See also *People v Wilder,* 411 Mich 328; 308 NW2d 112 (1981).

Considering the charges in the information, the proofs presented at trial, and the jury instructions, we find that Davis' convictions for carrying a dangerous weapon in an automobile occupied by him and for carrying a dangerous weapon with unlawful intent, in addition to his conviction for felonious assault, constituted "factual" double jeopardy. Under the particular facts of this case, the two possession of weapons counts were included cognate offenses of felonious assault. It was factually and logically impossible for defendant to be guilty of felonious assault without at the same time being guilty of both carrying a dangerous weapon in an automobile occupied by him and

carrying a dangerous weapon with unlawful intent.

Evidence at trial showed that Phillips was physically forced by defendants into an automobile. During the drive defendant Davis started to swing at the victim with a pair of brass knuckles, but was persuaded to stop by a codefendant. Davis then immediately produced a pistol and held it six inches from Phillips' face.

The information charged defendant Davis with felonious assault and carrying a weapon with unlawful intent on the basis of his use of "a pistol and brass knuckles". Violation of the concealed weapons statute was alleged on the basis of his carrying "a pistol, whether concealed or otherwise", in a vehicle. The instructions to the jury on each of these charges reflected the same factual basis as that charged in the information.

The assault count was factually supported by Davis' use of the brass knuckles and the pistol to threaten Phillips while they were in the automobile. These were the same proofs which necessarily supported his conviction on the charge of carrying a dangerous weapon, here a pistol, with unlawful intent. The only evidence of his unlawful intent while possessing the pistol was that he assaulted Phillips with the same weapon. These convictions being based on proof of a single occurrence, they violate the constitutional guarantee against double jeopardy.

Davis did assault Phillips with two weapons. It is theoretically arguable that, in such a case, a defendant's assault conviction could rest upon proof of the act involving the use of the brass knuckles, while a conviction for possession of a weapon with unlawful intent could rest upon proof of a "separate" act of assault with a pistol. *Cf.*

*People v Yarbrough,* 107 Mich App 332; 309 NW2d 602 (1981). In this case, however, no such distinction was made in the information, the jury instructions or the prosecutor's theory of the case. The episode was charged and treated throughout the trial as a single assault involving use of both brass knuckles and a pistol. See *People v Leverette,* 112 Mich App 142, 148, fn 2; 315 NW2d 876 (1982).

The proofs supporting Davis' conviction for carrying a dangerous weapon in a vehicle were the same as those supporting his conviction for felonious assault. The jury must necessarily have found him guilty of carrying a dangerous weapon in a vehicle in order to find he assaulted Phillips with the weapons while in the automobile.[2]

Generally, where a defendant is convicted of both a greater and lesser offense, the remedy is to vacate the conviction of the lesser offense and affirm the conviction of the greater offense. *People v Jankowski, supra,* 98-99; *People v Hale (On Remand),* 103 Mich App 273; 303 NW2d 17 (1981); *People v Grable,* 95 Mich App 20; 289 NW2d 871 (1980). This rule is not, however, absolute, and the remedy has been modified to accommodate the facts of a particular case. See *People v Leverette, supra,* 149-153.

Application of the usual remedy in this case would produce a paradoxical result. The two possession of weapons offenses are the "lesser" offenses in the sense that they are factually included in the offense of felonious assault. The Legislature

---

[2] In *People v Shelton,* 93 Mich App 782; 286 NW2d 922 (1979), decided prior to *People v Jankowski, supra,* it was concluded that a conviction for both felonious assault and carrying a concealed weapon did not violate double jeopardy. That conclusion was based on a determination that each offense requires proof of a fact that the other does not. The Court applied the *Blockburger* test; it did not address the issue of whether the two convictions were based on a single act or occurrence and thus constituted "factual" double jeopardy.

has, however, prescribed punishment of five years for these factually "lesser" offenses, and only four years for the "greater" offense of felonious assault.

Accordingly, in the interest of justice, we conclude that the appropriate remedy in this case is to vacate the convictions and attendant sentences for carrying a weapon in a vehicle and felonious assault, leaving intact Davis' convictions and sentences imposed on Count III, carrying a firearm or dangerous weapon with unlawful intent, and Counts I and V.

In the absence of an objection by defense counsel, we find no manifest injustice resulting from the prosecutor's various comments at trial. The statements related to the evidence and credibility of witnesses and were therefore within the bounds of permissible argument. *People v Caldwell,* 78 Mich App 690; 261 NW2d 1 (1977).

Davis finally challenges the legality of the search of the trunk resulting in the seizure of the pistol. He claims the search, conducted at the police station following impoundment of the automobile, exceeded the scope of a permissible inventory search. However, no motion to suppress this evidence was made, and no objection was raised to its admission at trial.

As a general rule, this Court will not review an issue raised for the first time on appeal. *People v Smith,* 118 Mich App 366; 325 NW2d 429 (1982). Where consideration of a claim not previously raised is necessary to a proper determination of the case, the issue will be considered. *People v Harris,* 95 Mich App 507, 509; 291 NW2d 97 (1980). We conclude, however, that the question of the admissibility of the evidence produced is not decisive to the outcome of the case, and therefore decline to address the issue. *People v Blassingame,*

59 Mich App 327; 229 NW2d 438 (1975), *lv den* 399 Mich 842 (1977). Although discovery of the gun was corroborative of Phillips version of the events, in light of Phillips' testimony and the additional physical evidence and testimony admitted which also corroborated Phillips' testimony, we conclude that admission of the pistol was not determinative of the outcome.

Defendant Kocsis' convictions are affirmed. Defendant Davis' convictions for carrying a weapon in a vehicle and felonious assault are vacated and his other convictions affirmed.