PEOPLE v. CHILDS.

1. CRIMINAL LAW—EVIDENCE—FELONIOUS ASSAULT.
    Proof of injury resulting from the assault is not necessary to a conviction for felonious assault (CL 1948, § 750.82).

2. ASSAULT AND BATTERY—EVIDENCE—FELONIOUS ASSAULT.
    Assault with a dangerous weapon is the only thing which needs to be proved to obtain a conviction for felonious assault (CL 1948, § 750.82).

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 6 Am Jur 2d, Assault and Battery § 92 et seq.
    Intent to do physical harm as essential element of crime of assault with deadly or dangerous weapon. 92 ALR2d 635.
[4] 58 Am Jur, Witnesses § 862.

3. SAME—EVIDENCE—FELONIOUS ASSAULT.

Testimony of the victim that he was struck by shotgun pellets and testimony by a third party that he saw defendant raise and fire a shotgun, if believed, constitutes evidence sufficient to convince beyond reasonable doubt of the elements of the offense of felonious assault (CL 1948, § 750.82).

4. CRIMINAL LAW—EVIDENCE—CREDIBILITY OF WITNESSES—QUESTION FOR TRIER OF FACT.

Whether the testimony of a witness is worthy of belief is within the province of the trier of the fact to decide in a criminal case where the credibility of the witness was attacked on cross-examination, and an appellate court will not substitute its judgment for that of the trier of facts because the trier of fact had an opportunity to hear the witnesses and observe their conduct.

Appeal from Recorder's Court of Detroit, Davenport (Elvin L.), J. Submitted Division 1 February 9, 1968, at Detroit. (Docket No. 4,010.) Decided May 27, 1968.

Mathew Childs was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Seymour Posner* (*Ruth Ritter*, of counsel), for defendant.

HOLBROOK, J. Defendant, Mathew Childs, was convicted in a nonjury trial of the crime of felonious assault* on January 26, 1967, in recorder's court and was sentenced on March 6, 1967 to a term of 3-1/2 to 4 years.

---

* CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277).

The record on appeal discloses the following pertinent facts: Between 7 and 8 p.m., on the evening of October 8, 1966, while he was crossing Oregon street in the city of Detroit to talk to Clarence Houze, complainant George Edmondson was hit by 3 "bullets" (shotgun pellets). According to Edmondson, Houze was sitting in his car. When Edmondson realized that he had been shot, he jumped into Houze's car. Houze drove Edmondson home and another person took him to Boulevard General hospital. About 1/2 hour after his arrival, he was taken by the Detroit police to Detroit General hospital. After 1 hour he was released and his father returned him to Boulevard General hospital where he remained 4 or 5 days. At no time did Edmondson identify or name defendant as the person who shot him.

The identification of defendant as the person who shot Edmondson was made by Houze 3 days later. He testified that he was walking up the walk of a house on Oregon street when he turned and saw the defendant standing on the sidewalk about 2 or 3 houses away with 2 other men. He further testified that the defendant was holding a shotgun which was raised and fired at a time when Edmondson was crossing the street. Houze stated he avoided the first shot by running behind a tree and that he heard a second shot which hit the back of the car after he and Edmondson entered the car.

Houze and defendant had spent time together in prison for assault with intent to commit armed robbery. On direct examination Houze testified that he had had no quarrels or fights with defendant but on cross-examination admitted that earlier on the day of the shooting he had seen defendant and had an argument with him. He indicated that at the time of the shooting he thought defendant was shooting at him.

A statement of defendant's was read in evidence without objection. Therein defendant denied carrying or shooting a shotgun, but, admitted that he was present on Oregon street at the time of the shooting.

Defendant's questions on appeal are merely assertions of error pertaining to the following issue: *Was the evidence presented by the prosecution sufficient to convince beyond a reasonable doubt?*

Defendant contends that because the prosecution failed to produce medical testimony to prove that the injuries suffered by Edmondson were in fact the result of shotgun wounds, all the elements of the crime of felonious assault were not proven.

CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277) states as follows:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

The only elements necessary to be proven are assault and that a dangerous weapon had been used in making the assault. *People* v. *Burk* (1927), 238 Mich 485, 489; 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1041, pp 1435, 1436.

Edmondson testified that he was hit by 3 "bullets" which still remained in his face and shoulder. Houze testified that he saw defendant holding a shotgun which was raised and fired at a time when Edmondson was crossing the street. He also stated that Edmondson was bleeding in the car and there was blood all over his face. The testimony of these 2 witnesses, if believed by the trier of the facts, constitutes evidence sufficient to convince beyond a reasonable doubt of the necessary elements of the offense.

Houze was the only witness who testified that defendant did the shooting. His credibility was attacked on cross-examination by disclosure of a prior criminal conviction and a possible interest in the outcome of the case because of personal differences with defendant. In this connection defendant asserts that his conviction, resting solely on the testimony of witness Houze, cannot stand because Houze's testimony does not meet the requirement of credible evidence set forth in *People* v. *Arither Thomas* (1967), 7 Mich App 103.

There can be no question but that Houze's testimony was competent. Whether it was credible, *i. e.*, worthy of belief, as to the events which it described or related was within the province of the trier of the facts. The trial court believed Houze's identifying testimony notwithstanding his knowledge of matters bearing on the witness' credibility. There was corroborating testimony of Edmondson as to other material facts testified to by Houze. We are satisfied, after carefully reviewing the record, that defendant's guilt was established beyond a reasonable doubt, and refuse to substitute our judgment for that of the trial court as the trial judge had an opportunity to hear the witnesses, observe their conduct, and evaluate their testimony. *People* v. *Dolphus* (1966), 2 Mich App 229 and cases cited therein.

Other claimed errors do not merit discussion.

Affirmed.

BURNS, P. J., and PETERSON, J., concurred.