## PEOPLE *v.* HOOPER

1. CRIMINAL LAW—SENTENCES—MINIMUM SENTENCE.

   The failure of the trial court to provide for a substantial period intervening between the minimum and maximum terms of a sentence was not error where the court exercised discretion in imposing the sentence, having evaluated defendant as an individual, and the sentence was within the statutory maximum.

2. ASSAULT—FELONIOUS ASSAULT—ELEMENTS.

   A conviction of felonious assault requires the prosecution to prove only that the assault was made with a dangerous weapon (MCLA § 750.82).

3. CRIMINAL LAW—DEFENDANT'S CRIMINAL RECORD—WITNESS'S UNRESPONSIVE ANSWER.

   Police officer's testimony, upon direct examination, that he knew defendant "from previous occasions" did not constitute reversible error where the remark was a voluntary and unresponsive answer to a proper question.

4. CRIMINAL LAW—CARRYING CONCEALED WEAPON—LICENSE TO CARRY —BURDEN OF PROOF.

   The state does not have the burden of proving that a defendant, charged with carrying a concealed weapon, did not have a license to carry that weapon (MCLA §§ 750.227, 776.20).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 June 16, 1971, at Detroit. (Docket No. 9245.) Decided September 28, 1971.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 592.
[2] 6 Am Jur 2d, Assault and Battery § 53.
[3] 29 Am Jur 2d, Evidence § 320 *et seq.*
[4] 56 Am Jur, Weapons and Firearms § 10.

Lawrence E. Hooper was convicted of felonious assault and carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Armand D. Bove,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

## ON REHEARING

PER CURIAM.  Defendant was convicted by a jury in the Wayne County Circuit Court of the offenses of felonious assault, MCLA § 750.82 (Stat Ann 1962 Rev § 28.277), and carrying a concealed weapon, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).  Defendant was sentenced upon conviction on the counts charged to terms of from 3 years, 11 months to 4 years, and from 4 years, 11 months to 5 years, respectively.  The court appointed appellate counsel to represent defendant in post-conviction proceedings.  From denial of defendant's motion for new trial, this appeal is taken as of right.

We consider defendant's claims of error in the order presented.

*Whether the trial court erred in not providing for a "substantial period" intervening between the minimum and maximum terms of sentence.*

The transcript of sentencing in the instant case reveals that the trial judge exercised discretion in imposing the sentences upon defendant, having

evaluated defendant as an individual, *People* v. *Lessard* (1970), 22 Mich App 342. This Court has held that a sentence within the statutory maximum will not ordinarily be disturbed on appeal. *People* v. *Stroble* (1970), 28 Mich App 451, 453.

*Whether sufficient credible evidence to sustain defendant's conviction for felonious assault was produced upon trial of this case.*

In a case involving a charge of felonious assault, such as the present, it is necessary, in order to convict upon that charge, to prove only that an assault was made with a dangerous weapon. *People* v. *Childs* (1968), 11 Mich App 408, 411. A thorough review of the record convinces us that the jury's verdict was amply supported by the evidence. *People* v. *Arither Thomas* (1967), 7 Mich App 103; *People* v. *Dawson* (1971), 29 Mich App 488.

*Whether reversible error occurred when, during the trial, a police officer testified, in the jury's presence, that he knew defendant "from previous occasions".*

The testimony of the police officer, upon direct examination, that he knew defendant "from previous occasions" was a voluntary and unresponsive answer to a proper question. As such, it was not reversible error. *People* v. *Tutha* (1936), 276 Mich 387, 393.

*Whether the trial court committed error in instructing the jury that the state must prove a matter involving circumstantial evidence beyond a reasonable doubt.*

Defendant's allegation that the trial judge improperly instructed the jury as regards to the proof required on a matter involving circumstantial evidence, need not be considered for the first time on appeal, no objections to the court's instructions

having been made at trial. *People* v. *Floyd* (1968), 15 Mich App 284; GCR 1963, 516.2.

*Whether the trial court erroneously instructed the jury that the people did not have to prove that defendant did not have a license to carry a concealed weapon.*

Defendant finally contends that the trial court, in regard to the charge of carrying a concealed weapon, committed error in instructing the jury that the state need not prove that defendant did not have a license to carry such a weapon. Defendant relies on the following language contained in *People* v. *Kelsch* (1969), 16 Mich App 244, 245:

"To establish the *corpus delicti* of this felony, the prosecutor must prove not only that the defendant carried a concealed pistol, but also that he had no license to do so. *People* v. *Autry* (1967), 7 Mich App 480, 483."

However, the decision in *Kelsch* preceded the effective date of PA 1968, No 299, being MCLA § 776.20 (Stat Ann 1971 Cum Supp § 28.1274[1]) which provides:

"In any prosecution for the violation of any acts of the state relative to use, licensing and possession of pistols or firearms, the burden of establishing any exception, excuse, proviso or exemption contained in any such act shall be upon the defendant but this does not shift the burden of proof for the violation."

It is the opinion of this Court that the above statutory language has eliminated the burden upon the state of proving that defendant did not have a license to carry a concealed weapon. Accordingly, we find no error in the trial court's instruction.

Affirmed.