PEOPLE v STUBBS

Docket No. 53275. Submitted June 11, 1981, at Detroit.—Decided
October 7, 1981. Leave to appeal applied for.

Phillip J. Stubbs was charged with armed robbery and felony-
firearm and was convicted of felonious assault, Detroit Record-
er's Court, Donald L. Hobson, J. Defendant appeals, alleging
that the trial court erred by instructing the jury on the offense
of felonious assault, as requested by the prosecution. *Held:*

Felonious assault is a cognate lesser included offense of
armed robbery, and the evidence presented was sufficient for a
rational trier of fact to find that the essential elements of
felonious assault were established beyond a reasonable doubt.
Therefore, the trial court properly instructed the jury on
felonious assault where such an instruction was requested.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFEN-
SES.

Refusal of a trial court to give a requested jury instruction on a
lesser offense which is not a necessarily included offense is
error if evidence has been presented which would support a
conviction of the lesser offense.

2. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE LESSER
INCLUDED OFFENSES.

Cognate lesser included offenses share overlapping elements with
the greater offense and such overlapping elements relate to a
common statutory purpose.

3. ROBBERY — ARMED ROBBERY — STATUTES.

The essential elements of armed robbery are: (1) an assault

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 876, 877.

[2, 5] 67 Am Jur 2d, Robbery § 7.

What constitutes lesser offenses "necessarily included" in offense
charged, under Rule 31[c] of Federal Rules of Criminal Procedure.
11 ALR Fed 173.

[3] 67 Am Jur 2d, Robbery §§ 1, 4, 10, 80.

[4, 5] 6 Am Jur 2d, Assault and Battery §§ 48, 49, 53.

committed by the defendant upon the complainant; (2) a felonious taking by the defendant from the complainant or from his presence of any property which might be the subject of a larceny; and (3) the defendant was armed with a weapon described in the statute (MCL 750.529; MSA 28.797).

4. Assault and Battery — Felonious Assault — Statutes.

The elements of felonious assault are: (1) an assault; and (2) the use of a dangerous weapon in committing the assault (MCL 750.82; MSA 28.277).

5. Assault and Battery — Felonious Assault — Lesser Included Offenses — Statutes.

Felonious assault is a lesser included offense of armed robbery (MCL 750.82, 750.529; MSA 28.277, 28.797).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.,* for defendant on appeal.

Before: D. C. Riley, P.J., and Cynar and H. R. Gage,* JJ.

Per Curiam. Defendant was originally charged with armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). Defendant was convicted of the lesser offense of felonious assault, MCL 750.82; MSA 28.277, after a jury trial and was sentenced to a term of one to four years in prison. He appeals as of right.

Defendant argues that the trial court erred in giving an instruction on felonious assault as a lesser included offense of armed robbery. Defen-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

dant objected to the instruction, which was requested by the prosecutor. The lower court found that the instruction was proper since felonious assault is a cognate lesser offense of armed robbery and since there was evidence to support the instruction.

In *People v Ora Jones,* 395 Mich 379, 388; 236 NW2d 461 (1975), the Supreme Court held that if a lesser offense is of the same class or category, or closely related to the originally charged offense, so as to provide fair notice to the defendant that he will be required to defend against it, the lesser offense may be included within the greater and instructions pertaining to the lesser offense properly may be given. Where there is a request to charge on a lesser offense which is not a necessarily included offense, refusal to give the requested instruction is error if evidence has been presented which would support conviction of the lesser offense. *People v Richardson,* 409 Mich 126; 293 NW2d 332 (1980). The prosecution, as well as the defendant, has the option of precluding "all or nothing" verdict choices as long as the inclusion of the lesser offense does not create notice problems and is supported by the evidence. *People v King,* 98 Mich App 146, 153; 296 NW2d 211 (1980).

This Court has set forth a two-fold test for determining whether an offense is a cognate lesser included offense, as follows: "Cognate lesser included offenses share overlapping elements with the greater offense and such overlapping elements relate to a common statutory purpose." See, also, *People v Robinson,* 101 Mich App 687, 692; 301 NW2d 41 (1980), *People v Bryant,* 80 Mich App 428, 433; 264 NW2d 13 (1978), *lv den* 402 Mich 942 (1978). The offenses of felonious assault and armed robbery meet both prongs of this test.

The elements of armed robbery have been defined as follows:

"Armed robbery is a statutory offense. MCL 750.529; MSA 28.797. Under the statute, the essential elements of armed robbery are: (1) that an assault was committed by defendant upon the complainant, (2) that the defendant feloniously took any property which might be the subject of larceny, from the complainant or in his presence, and (3) that the defendant was armed with a weapon described in the statute." *People v McGuire,* 39 Mich App 308, 313; 197 NW2d 469 (1972), *lv den* 387 Mich 810 (1972).

Accord, *People v Beebe,* 70 Mich App 154; 245 NW2d 547 (1976), *People v Harris,* 82 Mich App 135; 266 NW2d 477 (1978). The elements which must be proven to sustain a conviction of felonious assault are an assault and that a dangerous weapon was used in making the assault. *People v Childs,* 11 Mich App 408; 161 NW2d 428 (1968), *People v Hooper,* 36 Mich App 123; 193 NW2d 203 (1971). From these definitions, it is apparent that· the offenses of felonious assault and armed robbery share overlapping elements. The statutory offense of armed robbery may consist of a felonious assault with the additional element of larceny.

The overlapping elements of armed robbery and felonious assault relate to a common statutory purpose. They have the shared purpose of protecting the public from assaults which subject the victims to increased risk of harm because of the use of dangerous weapons. The similarity of the danger sought to be avoided in both offenses is shown in the fact that both felonious assault cases and armed robbery cases have employed the same test for determining whether an instrument is a dangerous weapon. See, *People v Winfield,* 39 Mich

App 281, 289; 197 NW2d 541 (1972), *lv den* 389 Mich 766 (1973).

We therefore conclude that the trial court properly determined that felonious assault is a lesser included offense of armed robbery. This conclusion is in accord with cases which have indicated that assault with intent to rob while armed is a necessarily lesser included offense of armed robbery, and that felonious assault is an included offense of assault with intent to rob being armed. See, *People v Johnson,* 90 Mich App 415; 282 NW2d 340 (1979), *People v Guidry,* 67 Mich App 653, 658, fn 2; 242 NW2d 461 (1976).

The final inquiry in the determination of whether the instruction on felonious assault was properly given is whether the record would support a conviction of felonious assault. *People v Robinson, supra,* 692-693. As is stated above, the elements which must be proven to sustain a conviction of felonious assault are an assault and that a dangerous weapon was used in making the assault. *People v Childs, supra, People v Hooper, supra.* The complainant testified that when defendant and his companion came into his place of work, defendant was carrying a pool cue. Defendant stated, "We're not joking, this is a stickup", and hit complainant with the pool cue. Two other witnesses also testified that defendant hit complainant with the pool cue. While defendant does not deny that a pool cue is a dangerous weapon, he maintains that his actions did not constitute an assault upon the complainant. In light of the definition of an assault which was set forth by the Supreme Court in *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979), we find that the evidence presented was sufficient for a rational trier of fact to find that the essential elements of

the crime were established beyond a reasonable doubt.

We therefore conclude that the instruction on felonious assault was proper. We have reviewed defendant's other contentions and find them to be without merit.

Affirmed.