## PEOPLE v WALLS

Docket No. 251454. Submitted February 23, 2005, at Detroit. Decided
April 7, 2005, at 9:05 a.m. Leave to appeal sought.

Thomas C. Walls was convicted by a jury in the Oakland Circuit
Court, Michael D. Warren, J., of assault with intent to rob while
armed and other felonies. The defendant appealed, claiming error
requiring reversal with respect to the court's refusal to instruct
the jury on felonious assault as a lesser offense of assault with
intent to rob while armed.

The Court of Appeals *held*:

Felonious assault is a cognate offense of assault with intent to
rob while armed; that is, the offenses share several elements and
are of the same class or category, but the lesser offense has some
elements not found in the greater offense. Felonious assault
requires the offender to be in possession of a dangerous weapon.
However, the elements of assault with intent to rob while armed
allow conviction when the offender has any article used or fash-
ioned in a manner to lead the assaulted person to reasonably
believe it to be a dangerous weapon. Felonious assault is a cognate
offense, not a necessarily included lesser offense, of assault with
intent to rob while armed. The trial court correctly refused to give
a jury instruction on felonious assault.

Affirmed.

DONOFRIO, J., concurring in the result, stated that, depending on
the prosecutor's theory, felonious assault may be a cognate offense
or necessarily included lesser offense of assault with intent to rob
while armed. Where a weapon is used, felonious assault would be
a necessarily included lesser offense requiring an instruction on
felonious assault. The only issue differentiating the two offenses in
this case is the intent to rob, about which there was contradictory
evidence.

However, the trial court's error in failing to give an instruction
on felonious assault was harmless. The defendant's statements to
the police that he had not pointed a gun at the victim, had not
threatened him, and had not asked for money do not support a

finding of felonious assault; rather, that evidence supports a claim of no assault whatsoever, which claim the jury rejected.

CRIMINAL LAW — ASSAULT WITH INTENT TO ROB WHILE ARMED — FELONIOUS ASSAULT — LESSER OFFENSES.

Felonious assault is a cognate offense, but not a necessarily included lesser offense, of assault with intent to rob while armed (MCL 750.82, 750.89).

*Michael A. Cox,* Attorney General, *Thomas L. Casey,* Solicitor General, *David G. Gorcyca,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Rae Ann Ruddy,* Assistant Prosecuting Attorney, for the people.

*Laurel Stuart-Fink* for the defendant.

Before: FORT HOOD, P.J., and GRIFFIN and DONOFRIO, JJ.

GRIFFIN, J. Defendant was convicted by a jury of assault with intent to rob while armed, MCL 750.89; felon in possession of a firearm, MCL 750.224f; two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and resisting and obstructing a police officer, MCL 750.479. He was sentenced as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of thirty to fifty years for assault with intent to rob while armed, five to fifteen years for felon in possession of a firearm, and five to fifteen years for resisting and obstructing a police officer. He was also sentenced to a two-year prison term for each of the felony-firearm convictions, which sentences are to be served consecutively to the other sentences. Defendant appeals as of right, challenging only his assault with intent to rob while armed conviction. We affirm and hold that the crime of feloni-

ous assault is a cognate offense of assault with intent to rob while armed, not a necessarily included lesser offense.

Defendant's sole argument on appeal is that the trial court committed error requiring reversal in refusing to instruct the jury on felonious assault as a necessarily included lesser offense of assault with intent to rob while armed. We disagree. We review de novo a trial court's ruling on a necessarily included lesser offense instruction. *People v Lowery*, 258 Mich App 167, 173; 673 NW2d 107 (2003).

Defendant misstates the law by claiming that a defendant has a right to a jury instruction for a cognate offense if evidence would support that verdict and bases that conclusion on *People v Beach*, 429 Mich 450; 418 NW2d 861 (1988). While *Beach* would support defendant's proposition, *id.* at 463-464, our Supreme Court recently held in *People v Cornell*, 466 Mich 335, 359; 646 NW2d 127 (2002), that an instruction on a cognate offense is not permitted under MCL 768.32(1). *Id.* at 353-355. Instead, the *Cornell* Court held that MCL 768.32 only allows a jury to consider necessarily included lesser offenses. *Id.* at 353-354.

Similarly, the rule stated by defendant that Michigan law provides an absolute right to an instruction for a necessarily included lesser offense is also not supported by *Cornell*. *Cornell* establishes that a requested instruction on a necessarily included lesser offense cannot be given unless conviction for the greater offense would require the jury to "find a disputed factual element that is not part of the lesser included offense," and a rational view of the evidence would support the instruction. *Cornell, supra* at 357. Therefore, here, to be entitled to the instruction, defendant must first establish that

felonious assault is a necessarily included lesser offense of assault with intent to rob while armed.

A necessarily included lesser offense is a crime for which it is impossible to commit the greater offense without first having committed the lesser. *Cornell, supra* at 356. "In other words, if a lesser offense is a necessarily included offense, the evidence at trial will always support the lesser offense if it supports the greater." *People v Alter,* 255 Mich App 194, 199; 659 NW2d 667 (2003). In particular, "[n]ecessarily included lesser offenses are offenses in which the *elements* of the lesser offense are completely subsumed in the greater offense." *People v Mendoza,* 468 Mich 527, 532 n 3; 664 NW2d 685 (2003) (emphasis added).

On the other hand, cognate offenses "share several elements, and are of the same class or category as the greater offense, but the cognate lesser offense has some elements not found in the greater offense." *Mendoza, supra* at 532 n 4. See also *People v Bearss,* 463 Mich 623, 627; 625 NW2d 10 (2001). Because the crime of felonious assault requires an *element* not found in the crime of assault with intent to rob while armed, felonious assault is a cognate offense of assault with intent to rob while armed.

In this regard, the crime of assault with intent to rob while armed is defined as follows:

> Any person, being armed with a dangerous weapon, *or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon,* who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years. [MCL 750.89 (emphasis added).]

The felonious assault statute, MCL 750.82(1), states:

> Except as provided in subsection (2), a person who
> assaults another person with a gun, revolver, pistol, knife,
> iron bar, club, brass knuckles, or other dangerous weapon
> without intending to commit murder or to inflict great
> bodily harm less than murder is guilty of a felony punish-
> able by imprisonment for not more than 4 years or a fine of
> not more than $2,000.00, or both.

As indicated by the above, the elements of the crime of
felonious assault require the offender to be in posses-
sion of a dangerous weapon. However, the elements of
the crime of assault with intent to rob while armed
allow conviction for the offense when the offender has
"any article used or fashioned in a manner to lead a
person so assaulted reasonably to believe it to be a
dangerous weapon." The crime of felonious assault,
therefore, requires an *element* not necessary for the
crime of assault with intent to rob while armed. For this
reason, the elements of the lesser offense are not
"completely subsumed in the greater offense." *Men-
doza, supra* at 532 n 3; *Cornell, supra* at 356. Accord-
ingly, felonious assault is a cognate offense of assault
with intent to rob while armed, not a necessarily
included lesser offense,[1] and the trial court correctly
denied defendant's requested jury instruction.

Affirmed.

FORT HOOD, P.J., concurred.

DONOFRIO, J. (*concurring in the result*). While I agree
that defendant's convictions in this case should be

---

[1] We note that *People v Stubbs*, 110 Mich App 287, 291; 312 NW2d 232
(1981), citing *People v Guidry*, 67 Mich App 653, 658 n 2; 242 NW2d 461
(1976), suggests a contrary conclusion. However, because *Stubbs* predates
*Cornell* and *Mendoza* and does not incorporate an analysis consistent
with these more recent Supreme Court decisions, it is no longer viable
precedent in this regard.

affirmed, I write separately because I respectfully disagree with the majority's conclusion that felonious assault, MCL 750.82, is at all times and under all circumstances a cognate offense of assault with intent to rob while armed, MCL 750.89.

This Court has stated that felonious assault is a necessarily included lesser offense of assault with intent to rob while armed. *People v Stubbs*, 110 Mich App 287, 291; 312 NW2d 232 (1981).[1] Felonious assault requires the defendant to be armed, while an unarmed defendant could be convicted of assault with intent to rob while armed, provided that the defendant fashioned an article that was not actually a weapon "in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon . . . ." MCL 750.89. In effect, I believe MCL 750.89 provides two separate avenues to conviction. The first avenue requires the *actual use* of a weapon and the second avenue requires only the *impression* of a dangerous weapon. I can readily envision a scenario in which an assailant could commit assault with intent to rob while armed by holding his empty hand in his jacket pocket to look like a gun and demanding money. Such an assailant would not be guilty of felonious assault because, according to the plain language of MCL 750.82, the felonious assault statute requires the assailant to be armed with a weapon. See *People v Stevens*, 409 Mich 564, 566-567; 297 NW2d 120 (1980). Therefore, it is my conclusion that it is possible to commit the greater offense without

---

[1] I recognize, as the majority points out, that *Stubbs* predates our Supreme Court's recent holdings in *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002), and *People v Mendoza*, 468 Mich 527; 664 NW2d 685 (2003), but I do not find its holding to be contrary to either case. Further, I do not believe the analyses required by either *Cornell* or *Mendoza* renders *Stubbs* obsolete or in any way requires the result the majority suggests in the instant case.

actually committing the lesser offense under the second avenue for conviction of assault with intent to rob while armed pursuant to MCL 750.89.

Accordingly, my view is that, depending on the theory advanced by the prosecution, felonious assault could be characterized as either a necessarily included lesser offense of assault with intent to rob while armed or a cognate offense of assault with intent to rob while armed. Since here, the prosecution's theory was that defendant did possess an actual firearm during the commission of the crime, defendant cannot be found guilty of the greater offense without committing the lesser offense. *Cornell* establishes that a requested instruction on a necessarily included lesser offense cannot be given unless conviction for the greater offense would require the jury to "find a disputed factual element that is not part of the lesser included offense," and a rational view of the evidence would support the instruction. *Cornell*, 466 Mich at 357. As such, felonious assault would be considered a necessarily included lesser offense of assault with intent to rob while armed, and defendant has established the first requirement in the analysis required by *Cornell*.

Since I concluded that, in this particular case, felonious assault is a necessarily included lesser offense of the crime charged, the issue then becomes whether the fact-finder would have needed "to find a disputed factual element that is not part of the lesser included offense" in order to convict for the greater offense and whether a rational view of the evidence would support a conviction of the lesser offense. *Cornell*, 466 Mich at 357. The actual use of a firearm is the similar element in both assault with intent to rob while armed and felonious assault. The disparate element in the crime of assault with intent to rob while armed is the intent to

rob. MCL 750.89. An intent to rob is not required for a felonious assault conviction. MCL 750.82. Intent to rob was disputed; therefore, a rational view of the evidence would support the felonious assault instruction. *Cornell*, 466 Mich at 357, 361.

At trial, Mr. Rodrico Grimes testified that defendant put the gun into his ribs and demanded money. Evidence contesting Mr. Grimes's testimony is defendant's out-of-court statement to the police. In his statement, which was read into evidence, defendant denied drawing his pistol or pointing it at Mr. Grimes and denied asking Mr. Grimes for money. Defendant additionally claims that the jury could have convicted him of felonious assault because Mr. Grimes testified that defendant never orally "threatened to do any harm to him, did not hurt him or did not order him to exit the vehicle," and because "[a]ll parties agree that Defendant did not take [or] receive anything from Mr. Grimes." It is my conclusion after reviewing the record that because there was contradictory evidence regarding the issue of intent, the trial court erred in refusing the requested instruction on felonious assault.

However, as a result of instructional error, this Court is required to engage in a harmless error analysis. "[H]armless error analysis is applicable to instructional errors involving necessarily included lesser offenses . . . ." *Cornell,* 466 Mich at 361. Preserved nonconstitutional error in failing to give a lesser offense instruction in a criminal case does not warrant reversal unless it is more probable than not that it undermined the reliability of the verdict. *Id.* at 363-364. Additionally, the reliability of the verdict would be undermined only if "there is substantial evidence to support the requested instruction . . . ." *Id.* at 365. To have convicted defendant of assault with intent to rob while

armed, the jury must have believed Mr. Grimes's testimony that defendant demanded money while armed because the prosecution offered no other evidence to prove the element of an intent to rob. In order to convict defendant of felonious assault, the jury would have needed to believe defendant's statement that he never demanded money, while not believing defendant's statement that he never drew his pistol. It would be irrational for the jury to arbitrarily credit only the former portion of defendant's statement in such a manner.

Mr. Grimes's testimony that defendant did not orally threaten to harm him cannot be considered substantial evidence that defendant lacked an intent to rob him in light of Mr. Grimes' testimony that defendant put a gun to his ribs and demanded money. Furthermore, defendant's self-serving statements to the police that he never pointed a gun at Mr. Grimes, threatened him, or asked for money, do not support a finding of felonious assault because the statements do not indicate that defendant assaulted Mr. Grimes without an intent to rob, but, instead, would support the claim that no assault ever occurred.

Affirmed.