# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 20, 2017

v

No. 331243
Wayne Circuit Court
LC No. 15-007765-01-FC

ROGER GROCE,

        Defendant-Appellant.

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of armed robbery, MCL 750.529, assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm, MCL 750.224f(1), felon in possession of ammunition, MCL 750.224f(6), felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 30 to 50 years' imprisonment for the armed robbery conviction, 10 to 20 years' imprisonment for the AWIGBH conviction, 5 to 10 years' imprisonment each for the felon in possession of a firearm and the felon in possession of ammunition convictions, 4 to 8 years' imprisonment for the felonious assault conviction, and 2 years' imprisonment for the felony-firearm conviction. We affirm.

This appeal arises from an armed robbery and wounding of Mohamed Saad, the attendant at a British Petroleum (BP) gas station in Westland, Michigan on August 27, 2015. Defendant acknowledges that he took approximately $1,200 from the gas station on that date and shot Saad, but asserts that his actions were justified because he was owed that amount of money by Saad and feared that Saad would defend himself with a handgun hidden at the gas station if given the opportunity to retrieve the weapon.

For his first issue on appeal, defendant contends that the trial court erred in rejecting his request for the provision of a claim of right instruction to the jury conforming to his defense at trial that the money he took from the gas station was owed to defendant and, therefore, his property. We disagree.

"Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Henderson*, 306 Mich App 1, 3; 854 NW2d 234 (2014)

-1-

(citation omitted). "An abuse of discretion occurs when the circuit court chooses an outcome that falls outside the range of principled outcomes." *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014) (footnote and citation omitted). Even if an instructional error is found to have occurred, "[r]eversal is warranted only if after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Mitchell*, 301 Mich App 282, 286; 835 NW2d 615 (2013) (citation and quotation marks omitted). It is defendant's burden to "establish[] that the error undermined the reliability of the verdict." *People v Hawthorne*, 474 Mich 174, 184; 713 NW2d 724 (2006).

MCL 750.529 comprises the armed robbery statute. The elements of armed robbery are set forth as follows:

> (1) the defendant, in the course of committing a larceny of any money or other property that may be the subject of a larceny, used force or violence against any person who was present or assaulted or put the person in fear, and (2) the defendant, in the course of committing the larceny, either possessed a dangerous weapon, possessed an article used or fashioned in a manner to lead any person present to reasonably believe that the article was a dangerous weapon, or represented orally or otherwise that he or she was in possession of a dangerous weapon. [*People v Chambers*, 277 Mich App 1, 7; 742 NW2d 610 (2007) (footnote and citation omitted).]

The jury instruction requested by defendant, but denied by the trial court, M Crim JI 7.5, pertaining to a "Claim of Right," states:

> (1) To be guilty of [larceny / robbery / (state other crime)], a person must intend to steal. In this case, there has been some evidence that the defendant took the property because [he /she] claimed the right to do so. If so, the defendant did not intend to steal.

> (2) When does such a claimed right exist? It exists if the defendant took the property honestly believing that it was legally [his / hers] or that [he / she] had a legal right to have it. Two things are important: the defendant's belief must be honest, and [he / she] must claim a legal right to the property.

> (3) You should notice that the test is whether the defendant honestly believed [he / she] had such a right. It does not matter if the defendant was mistaken or should have known otherwise. [It also does not matter if the defendant (used force / trespassed) to get the property or if [he / she] knew that someone else claimed the property.]

> (4) The defendant does not have to prove [he / she] claimed the right to take the property. Instead, the prosecutor must prove beyond a reasonable doubt that the defendant took the property without a good-faith claimed right to do so. [Footnote omitted.]

As discussed in *Henderson*, 306 Mich App at 4:

A defendant has the right to have a properly instructed jury consider the evidence against him or her, and it is the trial court's role to clearly present the case to the jury and to instruct it on the applicable law. The instructions must include all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence. When examining instructions to determine if an error has occurred, the instructions must be considered as a whole, rather than piecemeal. . . . Even if imperfect, a jury instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights. [Citations and quotation marks omitted.]

In accordance with MCR 2.512(D)(2):

Pertinent portions of the instructions approved by the Committee . . . on Model Criminal Jury Instructions . . . must be given in each action in which jury instructions are given if

(a) they are applicable,

(b) they accurately state the applicable law, and

(c) they are requested by a party.

Defendant disputes that he possessed the requisite intent to steal with regard to his armed robbery conviction because he asserted that the money taken from the gas station was owed to him by Saad for a questionably illegitimate business transaction. In asserting the defense of a "claim of right," "if a defendant had a good-faith belief that the defendant had a legal right to take the property at issue, then the defendant cannot be convicted because the defendant did not intend to deprive another person of property." *People v Cain*, 238 Mich App 95, 119; 605 NW2d 28 (1999) (citation omitted). If a defendant lacks a bona fide claim of entitlement or possession, however, the good faith requirement for the applicability of a claim of right defense is not satisfied. *People v Karasek*, 63 Mich App 706, 713; 234 NW2d 761 (1975).

Defendant asserted that Saad owed him money for presumably stolen prepaid Visa cards provided by defendant. It is undisputed that defendant removed money from the cash register of the gas station, which is not owned by Saad. Consequently, a claim of right defense is not applicable under the facts of this case. Rather, the defense is intended to be applied in circumstances where a defendant, in good faith, believes he has "a legal right to take the property at issue[.]" *Cain*, 238 Mich App at 119. Despite defendant's assertion to the contrary, the money taken did not belong to Saad, precluding the use of the defense. In addition, it is dubious whether defendant had a "legal right" to the property, as required by the instruction, given the implication that the entire transaction, as alleged by defendant, involved stolen property. As has been previously recognized by this Court, where a defendant "admitted that he was engaged in collecting money from illegal activities and that he knew that the alleged debt in question was a product of such illegal activities . . . such knowledge negates the existence of good faith on the part of the defendant." *Karasek*, 63 Mich App at 713. On this record, we are not persuaded that

the trial court erred in declining to instruct the jury on defendant's alleged claim of right to the money taken from the gas station cash register.

Next, defendant contends that his trial counsel was ineffective for failing to adequately investigate and secure evidence that would have bolstered his defenses at trial. We disagree.

To preserve as an issue for appeal a claim of ineffective assistance of counsel, a defendant is required to "move the trial court for a new trial or evidentiary hearing[.]" *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014), citing *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). Defendant did not seek a new trial or evidentiary hearing in the trial court. Defendant did file a motion with this Court to obtain a remand for a *Ginther* hearing, based on trial counsel's failure to properly investigate evidence to substantiate his defense, which this Court denied. *People v Groce*, unpublished order of the Court of Appeals, entered August 18, 2016 (Docket No. 331243). The issue is not preserved for appellate review.

"A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law. We review factual findings for clear error, but we review de novo questions of constitutional law." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008) (citation omitted). "[U]npreserved claims of ineffective assistance of counsel [are reviewed] for errors apparent on the record." *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011). Issues of cumulative error are reviewed to determine "if the combination of alleged errors denied defendant a fair trial." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007) (citation omitted).

As explained by our Supreme Court in *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (citations and quotation marks omitted):

> Both the Michigan and United States Constitutions require that a criminal defendant be afforded the assistance of counsel in his or her defense. To be constitutionally effective, counsel's performance must meet an objective standard of reasonableness. To show that this standard has not been met, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy. But a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable. Courts must determine whether the strategic choices [were] made after less than complete investigation, or if a reasonable decision [made] particular investigations unnecessary.

> To obtain relief for the denial of the effective assistance of counsel, the defendant must show that counsel's performance fell short of this objective standard of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of [the defendant's trial] would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Defendant contends that his trial counsel failed to properly investigate and secure evidence of his defenses, such as through the procurement of prior gas station surveillance video,

police reports, telephone records, etc., and that counsel's performance therefore fell below reasonably objective standards and prejudiced his case. However, other than his own conclusory affidavit, defendant fails to substantiate (a) that such evidence existed or (b) that his counsel did not obtain and for some reason reject the alleged evidence because it did not conform to defendant's assertions regarding its exculpatory nature. It must be acknowledged that "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Any allegation regarding the failure of defense counsel to investigate, identify and procure potential witnesses for defendant at trial, as demonstrative of counsel's ineffective performance, suffers from the same deficiencies. "Decisions regarding . . . whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999) (citation omitted). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (footnote and citation omitted) (opinion by COOPER, J.).

There are several major flaws in defendant's reasoning with regard to the failure of defense counsel to secure and present witnesses on defendant's behalf. First, defendant fails to identify any potential witnesses or what their alleged testimony would include. Second, it is a reasonable assumption that any witnesses that could confirm defendant's version of events would be reluctant to testify or implicate themselves as having engaged in a criminal enterprise. Even if these individuals were willing to testify, their credibility would be sorely compromised. Third, defendant testified and admitted to taking the money from the gas station cash register and shooting Saad. Therefore, defendant was not deprived of a substantial defense because he was able to directly explain his intent to the jury and to recount his version of how the events transpired.

Defendant implies that the provision of the absent evidence and witness testimony would have served to establish his intent or lack thereof. "[I]ntent may be inferred from circumstantial evidence. Indeed, because it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind[.]" *Henderson*, 306 Mich App at 11 (citations and quotation marks omitted). Defendant fails to explain how the purported evidence or witness testimony would substantiate his intent. In particular, it is inexplicable how the alleged evidence would contradict defendant's intent given his testimony that he went to the gas station armed and purposely drew his weapon and fired two shots in the vicinity of Saad, with the intent that one of the shots fired would strike and disable Saad. Presumably, the jury afforded defendant a degree of credibility by finding him guilty of the lesser charge of assault with intent to do great bodily harm less than murder rather than assault with intent to commit murder, thus demonstrating trial counsel's effectiveness in conveying to the jury a level of doubt regarding defendant's intent during the robbery. It is unlikely that defendant would have achieved a more favorable outcome, even if trial counsel had procured the alleged evidence or testimony suggested by defendant.

Further, even if defendant could establish that trial counsel's performance was deficient for the reasons asserted, he is not entitled to relief if he is unable to establish prejudice. *People v Solloway*, 316 Mich App 174, 191; 891 NW2d 255 (2016). "Defendant is required to show that

trial counsel's performance prejudiced him enough to deprive him of a fair trial. None of the alleged errors by defense counsel would have affected the outcome of trial." *Id.* (citation omitted). While under oath at trial, defendant admitted to having committed the crimes charged. He acknowledged that he was the individual identified as the perpetrator in the gas station surveillance video. He admitted to discharging his weapon twice, in rapid succession, at Saad and intentionally shooting him once, albeit with the intent to only disable Saad. Defendant acknowledged taking the money from the gas station cash register, in the amount alleged. Hence, it is difficult to ascertain how the presentation of any additional evidence or testimony consistent with defendant's version of events would have altered the outcome at trial, given defendant's admissions.

Defendant also suggests that he is entitled to relief on the basis of cumulative error. As discussed by this Court:

> The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted. Absent the establishment of errors, there can be no cumulative effect of errors meriting reversal. [*Dobek*, 274 Mich App at 106 (citations omitted).]

Because defendant has failed to demonstrate any error, reversal on this basis is not warranted.

Defendant also argues that the prosecutor engaged in misconduct by introducing his prior criminal record at trial. He further suggests that the provision of such information to the jury was inadmissible, constituting impermissible prior bad acts evidence under MRE 404(b)(1). We disagree.

"In order to preserve an issue of prosecutorial misconduct, a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010) (citation omitted). "To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). In general, defendant did not object during trial to testimony or evidence elicited pertaining to his prior convictions or suggest misconduct on the part of the prosecutor in the elicitation of the evidence or testimony. To this extent, the issue is unpreserved. Defendant did object to a spontaneous reference by Sergeant Burke Lange suggesting defendant's involvement in an illegal activity. The trial court struck the statement and provided a curative instruction to the jury. As such, this instance of alleged prosecutorial misconduct is preserved, but because defendant did not challenge the admissibility of the evidence on the basis of MRE 404(b), this allegation of error is not preserved.

"Issues of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial. . . . [A]llegations of prosecutorial misconduct are considered on a case-by-case basis, and the reviewing court must consider the prosecutor's remarks in context." *Bennett*, 290 Mich App at 475 (citation omitted). In addition:

-6-

[u]npreserved issues are reviewed for plain error affecting substantial rights. Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. Further, [this Court] cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect. [*Id.* at 475-476 (citations and quotation marks omitted).]

As explained in *People v Borgne*, 483 Mich 178, 196-197; 768 NW2d 290 (2009), reh gtd in part 485 Mich 868 (2009) (footnote, citations and quotation marks omitted):

There are four steps to determining whether an unpreserved claim of error warrants reversal under plain-error review. First, there must have been an error. Second, the error must be plain, meaning clear or obvious. Third, the error must have affected substantial rights. This generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. The defendant bears the burden of establishing prejudice. Fourth, the error must have resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity or public reputation of judicial proceedings. . . .

"This Court reviews de novo . . . preliminary questions of law regarding admissibility of evidence. We review the trial court's ultimate decision regarding admissibility of evidence for an abuse of discretion. An abuse of discretion occurs when [a] trial court's decision is outside the range of principled outcomes." *People v Duenaz*, 306 Mich App 85, 90; 854 NW2d 531 (2014) (citations omitted). Unpreserved evidentiary issues are also reviewed for plain error affecting substantial rights. *People v Fackelman*, 489 Mich 515, 537; 802 NW2d 552 (2011). Issues of cumulative error are reviewed to determine "if the combination of alleged errors denied defendant a fair trial." *Dobek*, 274 Mich App at 106.

In order to prevail on a claim of prosecutorial misconduct, it is incumbent on a defendant to demonstrate that he was "denied a fair and impartial trial." *People v Bosca*, 310 Mich App 1, 26; 871 NW2d 307 (2015) (citation and quotation marks omitted). While a defendant is entitled to a "fair trial," he is not entitled to "a perfect trial." *People v Kelly*, 231 Mich App 627, 646; 588 NW2d 480 (1998).

MRE 404(b)(1) pertains to other-acts evidence, and provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Defendant misconstrues both the manner and character of the evidence elicited at trial. Initially, without revealing any details of defendant's arrests and conviction history, the prosecutor and defense counsel stipulated that defendant had a prior felony conviction that

precluded his possession of a gun with regard to the current charge of felon in possession of a firearm. The elements of felon in possession of a firearm to be proven by the prosecutor are: "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016). Given defendant's status as a fourth habitual offender, by stipulating to an unidentified felony conviction to establish the felon in possession of a firearm charge, it was unnecessary for the prosecutor to delve into defendant's extensive criminal history before the jury, thereby obviating any potential undue prejudice. This stipulation cannot be construed as improper MRE 404(b) evidence because it was not used to show defendant's character or propensity, but to establish the element of a crime charged. It is also recognized that "[a] stipulation constitutes a waiver[.]" *People v Eisen*, 296 Mich App 326, 328-329; 820 NW2d 229 (2012). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citation and quotation marks omitted).

In addition, while on the witness stand and being questioned by defense counsel, defendant voluntarily admitted to prior convictions, including a conviction for breaking and entering. Defendant admitted that he was aware that he was precluded from possessing a weapon due to his prior felony convictions. Only on cross-examination, when queried by the prosecutor regarding why defendant did not "want [to have] anything to do with" the unidentified third party defendant allegedly used to assist Saad in procuring a handgun, did defendant state, in a manner at least partially unresponsive to the question posed: "Cause if I'm found in possession of a weapon – cause I'm a felon. I would rather risk myself than another guy, right." It is clear the revelation of this information was primarily offered by defendant in response to questioning by defense counsel while on the witness stand. "This Court will not allow defendant to harbor error as an appellate parachute." *People v Hughes*, 217 Mich App 242, 247; 550 NW2d 871 (1996).

Further, the prosecutor was not attempting to solicit and did nothing to encourage the response that defendant voluntarily provided to the prosecutor's query. Defendant's reliance on an unresponsive answer to a question posed by the prosecutor does not establish prosecutorial misconduct. See *People v Hackney*, 183 Mich App 516, 531; 455 NW2d 358 (1990) ("As a general rule, unresponsive testimony by a prosecution witness does not justify a mistrial unless the prosecutor knew in advance that the witness would give the unresponsive testimony or the prosecutor conspired with or encouraged the witness to give that testimony."). A curative instruction would have alleviated any prejudice that resulted from this reference. Therefore, in accordance with review under the plain error rule, defendant has failed to establish any grounds for reversal. *People v Ackerman*, 257 Mich App 434, 449; 669 NW2d 818 (2003) ("[W]here a curative instruction could have alleviated any prejudicial effect we will not find error requiring reversal."). Further, there is no basis to suggest that defendant's spontaneous verbalization of his criminal history comprised improper MRE 404(b) evidence because it was not directly or

purposely solicited and was not used by the prosecutor to imply defendant's bad character or action in conformity therewith.[1]

Defendant also asserts the following exchange at trial between the prosecutor and Sergeant Lange resulted in the presentation of inadmissible evidence pertaining to defendant's criminal history. When querying Sergeant Lange regarding how defendant was identified by name by an anonymous individual following the airing of a portion of the gas station surveillance video on television, the following exchange occurred:

> *Q*. And what did you do with that name once you had that?
>
> *A*. This person also had intimate knowledge to advise me of not only the person who they – was in the video that did the robbery and shooting, but also provided me with the – an intimate detail of a previous incident that Mr. Groce was involved in along with his girlfriend.

Defense counsel immediately objected. The trial judge sustained the objection and stated: "Motion to strike is granted. Ladies and gentlemen, you are instructed to disregard the last answer that was given by Sergeant Lange." When the trial judge asked the jury if they understand this instruction, they unanimously replied, "Yes." Further, during the final instructions to the jury, the trial judge stated: "At times during the trial I have excluded evidence that was offered or stricken testimony that was heard. Do not consider those things in deciding the case. Make your decision only on the evidence that I let in and nothing else."

While Sergeant Lange's answer to the prosecutor's query was, in part, unresponsive and exceeded the bounds of the question posed, defense counsel immediately objected and the trial court provided a curative instruction, which it confirmed that the jury understood. Similarly, the testimony of Sergeant Lange that led to defendant's objection constituted a brief occurrence and an incomplete answer. The error was cured by the trial court's sustaining defense counsel's immediate objection and the provision of a curative instruction. There is no evidence to suggest that the error was outcome determinative given defendant's admissions to the crimes charged. See *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Nor does the record suggest that the curative instruction provided by the trial court was insufficient to cure the alleged error. See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011) ("Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors."). As such, defendant has failed to meet his burden to demonstrate that the challenged statement precluded his receipt of a fair trial.

---

[1] We reach the same conclusion with respect to defendant's assertion in his brief on appeal that the prosecution introduced evidence that defendant had previously been involved in narcotics. The challenged testimony of Officer Richard Kummert established only that his job description included "surveillance and narcotics." There was nothing in Officer Kummert's testimony that suggested defendant had bad character and a propensity to act in conformance with that character. MRE 404(b)(1).

Defendant also suggests that he is entitled to relief on the basis of cumulative error. Once again, however, because defendant has been unable to demonstrate any error, reversal on this basis is not warranted. See *Dobek*, 274 Mich App at 106 ("Absent the establishment of errors, there can be no cumulative effect of errors meriting reversal.") (citation omitted)

Finally, defendant contends that his convictions for felonious assault and AWIGBH violate double jeopardy proscriptions because the convictions are premised on the same crime and the same victim. We disagree.

In order to preserve a double jeopardy issue, a defendant is required to raise the issue at trial. See *People v Wilson*, 242 Mich App 350, 359-360; 619 NW2d 413 (2000). The issue is unpreserved because it was not raised at trial.

"A double jeopardy challenge presents a question of constitutional law reviewed de novo on appeal." *People v Ackah-Essien*, 311 Mich App 13, 30; 874 NW2d 172 (2015). This Court reviews an "unpreserved double jeopardy claim . . . for plain error affecting the defendant's substantial rights. Reversal is warranted only if the error resulted in a conviction despite the defendant's actual innocence, or if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of the defendant's innocence." *Id.* at 30-31 (citations omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Kimble*, 252 Mich App 269, 278; 651 NW2d 798 (2002), aff'd 470 Mich 305 (2004).

It is well-recognized:

The United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const Am V; Const 1963, art 1, §15; [*People v*] *Ream*, 481 Mich [223,] 227; 750 NW2d 536 [(2008)]. The state and federal constitutional guarantees are substantially identical and should be similarly construed. *People v Davis*, 472 Mich 156, 161-162; 695 NW2d 45 (2005). The Double Jeopardy Clause precludes the prosecution from making repeated attempts to convict a defendant for the same offense. [*People v*] *Lett*, 466 Mich [206,] 214; 644 NW2d 743 [(2002)]. [*Ackah-Essien*, 311 Mich App at 31-32.]

In this instance, defendant contends that he incurred a violation of the "multiple punishments" strand of double jeopardy for his concurrent convictions of felonious assault and AWIGBH. Specifically:

The multiple punishments strand of double jeopardy is designed to ensure that courts confine their sentences to the limits established by the Legislature and therefore acts as a restraint on the prosecutor and the Courts. The multiple punishments strand is not violated [w]here a legislature specifically authorizes cumulative punishment under two statutes. . . . Conversely, where the Legislature expresses a clear intention in the plain language of a statute to prohibit multiple punishments, it will be a violation of the multiple punishments strand for a trial court to cumulatively punish a defendant for both offenses in a single trial. Thus,

the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. [*People v Miller*, 498 Mich 13, 17-18; 869 NW2d 204 (2015) (footnotes, citations and quotation marks omitted).]

The felonious assault statute states:

(1) Except as provided in subsection (2), a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both. [MCL 750.82.]

As such, "the elements of the crime of felonious assault require the offender to be in possession of a dangerous weapon." *People v Walls*, 265 Mich App 642, 646; 697 NW2d 535 (2005). In contrast, "[t]he elements of [AWIGBH] are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016) (citation and quotation marks omitted). The intent to do great bodily harm has been defined "as an intent to do serious injury of an aggravated nature." *Id.* (citation and quotation marks omitted). By definition, the crime of AWIGBH does not require a weapon as an element of the offense.

Significantly, the elements of the two crimes differ in that felonious assault requires the use of a weapon and AWIGBH does not necessitate a weapon to commit the crime. As explained in *People v Strickland*, 293 Mich App 393, 401-402; 810 NW2d 660 (2011) (footnote, citations and quotation marks omitted), "The validity of multiple punishments under the double jeopardy provisions of the United States and Michigan Constitutions is generally determined under the same-elements test, which requires the reviewing court to determine whether each provision requires proof of a fact which the other does not." In *People v Strawther*, 480 Mich 900; 739 NW2d 82 (2007), our Supreme Court has determined that concurrent convictions for "both assault with intent to commit great bodily harm [less than murder] (MCL 750.84) and felonious assault (MCL 750.82)" were not violative of the double jeopardy protections afforded to a defendant, "[b]ecause the crimes have different elements, [and] the defendant may be punished for each." The *Strawther* Court ruling dictates the outcome of this issue because this Court is required to follow the rulings of our Supreme Court. *People v Hall*, 249 Mich App 262, 270; 643 NW2d 253 (2002), remanded in part 467 Mich 888 (2002).

In addition, defendant engaged in two different behaviors which comprise separate crimes. Defendant fired a warning shot at Saad and almost immediately fired a second shot, purposely striking Saad and resulting in an injury. A violation of the double jeopardy protections does not occur if one crime is completed before the other, even if the two offenses are comprised of common elements or one of the offenses is a lesser included offense of the other. *People v Lugo*, 214 Mich App 699, 709; 542 NW2d 921 (1995).

-11-

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause